IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN M. LOHMILLER          :
                           :
v.                         :   Civil No. WMN-05-394
                           :
KENNETH MENEELY            :
                           :
                           :
                           :

**MEMORANDUM**

Before the Court is Plaintiff John M. Lohmiller's motion for partial summary judgment. Paper No. 21.[1] Defendant Kenneth Meneely has opposed the motion and Plaintiff has replied. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiff's motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed suit in this Court on February 9, 2005, and amended his complaint on April 25, 2005. Plaintiff and Defendant were each 50% shareholders in KMJCL, Inc. (KMJCL), a boat sales and marina services company, and were joint guarantors of KMJCL's floor plan financing agreement with GE Commercial Distribution Finance (GE).

Plaintiff alleges that Defendant, without Plaintiff's

---

[1] Plaintiff has also filed a motion for leave to file an amended complaint. Defendant has consented to this motion and it will be granted.

knowledge, caused KMJCL to seek and obtain financing for one boat on two separate inventory financing plans.  The second financing agreement was with Brunswick Acceptance Company, LLC (BAC).  After recognizing that KMJCL was securing two simultaneous loans each in the approximate amount of $138,219.00 with the same piece of collateral, GE and BAC accelerated the amounts due under the Financing Agreements and demanded payment from Plaintiff pursuant to the Guaranty.[2]  Francisco J. Galliano Aff. ¶¶ 5-6 (Galliano is the account manager for GE).  On January 27, 2005, Plaintiff paid $138,219.00 to GE[3] and on February 14, 2005, he paid an additional sum of $40,000.00 for charges in arrears to GE.[4]  Id. ¶¶ 7-8.  Defendant has not paid anything to GE pursuant to the Guaranty.  Id. ¶ 9.  Plaintiff sets forth five counts in the amended complaint all based on his allegations of duplicate

---

[2] $746,440.95 was due to GE and $805,735.54 due to BAC. Galliano Aff. ¶ 6.

[3] GE acknowledged the receipt of $138,219.00 through a February 14, 2005, letter that also noted an additional $80,742.92 in interest charges and fees that remained unpaid and delinquent on two different lines of credit.  Pl.'s Mem. Ex. 7. The letter noted an agreement by Plaintiff to pay $40,000.00 toward the balance and scheduled due dates for subsequent payments.  Id.

[4] Plaintiff states that the additional $40,000.00 was paid to GE (Complaint ¶ 23, Pl.'s Mem. 3) and supports this assertion with a Wire Transfer Order that shows a transfer of $40,000.00 from Plaintiff to GE.  Pl.'s Mem. Ex. 6.  In his affidavit, Galliano, GE's account manager, states that Plaintiff paid $40,000.00 to BAC.  Galliano Aff. ¶ 8.  Whether the $40,000.00 went to GE or BAC, it is undisputed that Plaintiff paid an additional $40,000.00 pursuant to the Guaranty Agreements.

2

financing: fraud, contribution, breach of fiduciary duty, negligence, and negligent supervision.  Plaintiff moves for partial summary judgment on the contribution claim in the amount of $89,109.50 [($138,219.00 + $40,000.00) / 2].

## II. STANDARD OF LAW

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits or other documentation which demonstrates that a triable issue of fact

exists for trial.  Celotex, 477 U.S. at 324.  Unsupported speculation is insufficient to defeat a motion for summary judgment.  Felty, 818 F.2d at 1128 (citing Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986)).  Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material."  Id.

**III. DISCUSSION**

Under Maryland law, two prerequisites must be satisfied for a party to have a right of contribution.  First, the parties must share a "common liability."  Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs., 109 Md. App. 217, 280-81 (1996), aff'd, 346 Md. 122 (1997).  Co-obligors, which are parties that are jointly liable on the same non-tort obligation,[5] share a common liability.  Id. at 281.  Second, the party seeking contribution must have paid, under legal compulsion, more than his fair share of the common obligation.  Id.  Under the principles of contribution parties sharing a common obligation are responsible for that burden in equal proportions.  Lyon v. Campbell, 324 Md.

---

[5] Parties that are jointly or severally liable in tort for the same harm also share a common liability.

4

178, 182 (1991).

As to the first prerequisite, in the present case there is no genuine issue of material fact surrounding the "common liablity" requirement of contribution.  The terms of the Guaranty signed by both Plaintiff and Defendant stated that "we jointly, severally, unconditionally and absolutely guaranty . . . the immediate payment when due of all current and future liabilities owed."  Pl's Mot. Ex. 2, ¶ 1.  Defendant argues that there was not a common liability because Plaintiff and Defendant executed the Guaranty Agreements separately from and independently of each other; Defendant signed the Agreement on October 8, 1996, and Plaintiff signed the Guaranty on October 16, 1996.  Def.'s Opp'n 1.  Defendant cites no authority, and the Court has found no authority to support the position that the right of contribution between parties who execute identical agreements guaranteeing payment to one creditor is nullified where the agreements were not executed simultaneously.  Regardless of the date on which the parties signed the Guaranty Agreements, the important factor is whether a common liability exists.  Because the language of the Guaranty establishes joint liability of both Plaintiff and Defendant to KMJCL, a common liability exists between the parties.

As to the second prerequisite, it is undisputed that under the Guaranty Agreement Defendant has not paid anything to GE,

5

while Plaintiff has paid $138,219.00 to GE and $40,000.00 to BAC. Galliano Aff. ¶¶ 7-9.  Defendant argues that he does not owe Plaintiff anything in contribution because he should get "credit" for $460,000.00 of his own money that he put into KMJCL in an attempt to meet other obligations of the business.[6]  Def.'s Opp'n 3.  Again, Defendant cites no authority, nor has the Court found authority that supports the assertion that money put towards an obligation other than the common liability can be used as a credit to decrease the contribution amount that one might owe. While Defendant may have his own claim for contribution, which might give rise to an offset to Plaintiff's claim, Defendants alleged investments into KMJCL from his personal account do not change the fact that Defendant has yet to pay anything pursuant to the Guaranty agreements to GE or BAC, while Plaintiff has paid $178,219.00 under these Guaranty Agreements.  Thus, because Plaintiff and Defendant had a common liability, under which Plaintiff paid more than his fair share of the common obligation summary judgment in the Plaintiff's favor for the contribution claim is proper.[7]

---

[6] An accountant reviewing the books of KMJCL has confirmed that Defendant put over $260,000.00 of his own money into the business.  Edward Bortnick Aff. ¶ 4.

[7] In the opposition, Defendant argues that Plaintiff's assertion that "Meenley fraudulently financed a single boat with GE and another financial institution" is a disputed fact that prevents the entering of a judgment.  Def.'s Opp'n ¶ 3. This assertion goes to neither of the elements required for contribution and is not a material fact.

**IV. CONCLUSION**

For the reasons stated above, Plaintiff's motion for partial summary judgment on Count II contribution in the amount of $89,109.50 will be granted.  A separate order consistent with the reasoning of this Memorandum will follow.

                                                      /s/

                                        William M. Nickerson
                                        Senior United States District Judge

Dated: October 13, 2005